**NOT FOR PUBLICATION**



**FILED**

JAN 10 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL FAMILY FARM COALITION; CENTER FOR FOOD SAFETY; CENTER FOR BIOLOGICAL DIVERSITY; PESTICIDE ACTION NETWORK NORTH AMERICA, | No.   17-70196 |
| Petitioners, | **ORDER**<sup>*</sup> |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Acting Administrator, | |
| Respondents, | |
| MONSANTO COMPANY, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
U.S. Environmental Protection Agency

Argued and Submitted August 29, 2018
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On August 29, 2018, this Court heard oral arguments in this case challenging the EPA's registration of the product XtendiMax, a dicamba-based herbicide produced by Bayer CropScience (formerly Monsanto Company), for post-emergent uses on cotton and soybean plants. The EPA's then-current registration was set to expire on November 9, 2018. On November 1, 2018, the EPA issued its decision to continue the registration of dicamba for post-emergent uses, including the product XtendiMax.

On November 2, 2018, Respondent-Intervenor Monsanto Company ("Monsanto") moved to dismiss the case for lack of jurisdiction based on mootness (Dkt. 152). On November 13, 2018, Petitioners filed their opposition to Monsanto's motion (Dkt. 155), arguing their petition was not moot. Also on November 13, 2018, Respondent EPA filed a response to Monsanto's motion (Dkt. 154), agreeing that the petition was moot and attaching the EPA's "Registration Decision for the Continuation of Uses of Dicamba on Dicamba Tolerant Cotton and Soybean."

"[A] case is moot only where no effective relief for the alleged violation can be given." *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065 (9th Cir. 2002). Petitioners first argue the case is not moot because effective relief can still be granted on the alleged violations under the Endangered Species Act

("ESA") and the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Petitioners assert that vacating the 2016 registration would necessarily vacate the 2018 registration as well, because the 2018 registration is "not only built upon, but necessarily dependent upon EPA's prior approval decisions."

However, the 2016 registration (as maintained in 2017), by its terms, expired on November 9, 2018. It no longer has any legal effect. In *Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992), we held that a superseding action — although it relied on the same evidentiary basis as the challenged action it superseded — prevented the court from granting "effective relief" to the plaintiffs under a traditional mootness analysis. Similarly, here, the EPA's 2016 registration is no longer in effect, so we cannot grant effective relief on Petitioners' claims challenging that decision.

Petitioners also argue their petition is not moot because their challenge is "capable of repetition but evading review." Under this "established exception" to the mootness analysis, an action is not moot if the court determines that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Human Life of Wash. Inc. v. Brumsickle*, 624 F.3d 990, 1002 (9th Cir. 2010) (citations omitted).

Even assuming Petitioners meet the first prong of duration, the second prong is not met. Petitioners are not, as they argue, already "subject to the same action." "When resolution of a controversy depends on facts that are unique or unlikely to be repeated, the action is not capable of repetition and hence is moot." *Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996). Petitioners argue the same legal deficiencies alleged as to the 2016 registration have been repeated in the 2018 registration, including that the EPA still lacks "substantial evidence" to support its registration decision. That may or may not be true, but we can only analyze the merits of that claim by reviewing the evidence in the new, expanded record. The supplemental materials relied upon by the EPA in support of the new registration, which include more than a dozen new studies by both the registrant and independent researchers, are "unique" to the 2018 decision, as is the analysis that led the EPA to adopt a new labeling restriction requiring a 57-foot omnidirectional buffer for the protection of endangered species. *See id.* Given the fact-intensive nature of Petitioners' claims under the ESA and FIFRA and the differences between the records underlying the 2016 and 2018 decisions, there is not a "reasonable expectation" that Petitioners "will be subject to the same action again."

We therefore dismiss the petition as moot. We recognize that Petitioners may face the obstacle of bringing a challenge to the EPA's registration decision

4

before the expiration of the current registration.  Accordingly, if Petitioners bring a challenge in this Court to the 2018 registration decision of the EPA, we direct the Clerk of the Court to set an expedited schedule for briefing and oral argument.

**PETITION DISMISSED.**[1]

---

[1] Motions to become amicus filed by National Cotton Council of America and American Soybean Association and American Sugarbeet Growers Association are **GRANTED**.